8
9
10
11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| 12 MARVIN GLENN HOLLIS, | ) | No. LA CV18-00830-JAK (PLA) |
| 13 Plaintiff, | ) ) | **ORDER SUMMARILY DISMISSING COMPLAINT** |
| 14 v. | ) ) | |
| 15 RICHARD KAY, et al., | ) ) | |
| 16 Defendants. | ) ) | |
| 17 | ) | |

**I.**

**BACKGROUND**

On February 1, 2018, plaintiff filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Complaint"). Because plaintiff had not submitted either a request to proceed in forma pauperis ("IFP") or the required filing fee when he filed his Complaint, on February 7, 2018, the Court ordered plaintiff to pay the filing fee in full within 30 days, and stated that if plaintiff did not do so, this case would be dismissed. (ECF No. 7). On February 20, 2018, in response to a letter from plaintiff, the Magistrate Judge informed plaintiff that his deadline for compliance with the February 7, 2018, Order to pay the full filing fee remained March 9, 2018, and failure to pay the full fee would result in the dismissal of the case. (ECF No. 11).

1         On February 26, 2018, plaintiff filed a "Motion for Enlargement of Time of 60 Days to Pay Filing Fee or Show Indigency to Proceed In Forma Pauperis . . ." ("Motion" or "Mot."), in which he asserted, among other things, that because he was "under imminent danger of serious physical injury . . . the district court Judge committed clear error [and his] initial decision was manifestly unjust in denying plaintiff to proceed without prepayment of filing fees [and] ordering plaintiff to pay the filing fees in full within 30 days or the case will be dismissed." (Mot. at 2 (citation omitted)). Plaintiff also stated that he was never given an opportunity to file an application to proceed IFP notwithstanding that he was able to file a Complaint), which he deemed to be "not fair and impartial . . . and . . . manifestly unjust." *Id.* Plaintiff requested a 60-day extension of time to contact his family about assisting him with paying the filing fees or making a proper showing of indigency through an application to proceed IFP. (Mot. at 2-3).

        On February 28, 2018, the Magistrate Judge -- noting that plaintiff's arguments of imminent danger appeared proactively to address his prior designation as a "three striker" under the Prison Litigation Reform Act of 1995 ("PLRA") -- granted plaintiff's Motion in part and ordered plaintiff to pay the full filing fee in this action, no later than March 28, 2018, to avoid its immediate dismissal. (ECF No. 15). The Magistrate Judge also notified plaintiff that if he instead submitted a request to proceed IFP by that date, because he was a three-strike litigant, "an Order to Show Cause shall immediately issue requiring him to show that he should be allowed to proceed IFP because he was in imminent danger at the time he filed the Complaint." <u>Id.</u> (citation omitted).

        As of the date of this Order, plaintiff has not paid the full filing fee in this action. Nor has her demonstrated that he should be allowed to proceed IFP because he was in imminent danger at the time he filed the Complaint, and the time to do so has expired.

**A.    THREE STRIKES**

        The PLRA provides that a prisoner may not proceed IFP in a civil action, or appeal a civil judgment under 28 U.S.C. § 1915, "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff previously has been deemed to be a "three striker" under the PLRA. Most recently, on July 25, 2017, the United States District Court for the Northern District of California denied plaintiff's motion to proceed IFP in a pro se civil rights complaint that plaintiff filed on January 23, 2017. That complaint asserted substantially similar allegations against officials at Pelican Bay State Prison as those made in this action against officials at CSP-Los Angeles County, *i.e.*, that officials at the institution denied him his prescribed medications. (N.D. Cal. Case No. 17-cv-0326-NJV (PR) (now known as Case No. 17-cv-0326-BLF), ECF No. 19). In that action, plaintiff also argued that, despite his three strikes (as had been previously determined in the matter of Hollis v. Bal, Case No. 13-cv-2145-EFB (E.D. Cal. May 20, 2014), ECF No. 6),[1] he should be permitted to proceed IFP because he was under imminent danger of serious physical injury as a result of defendants' denial of his prescriptions for pain. *Id.* at 3. The Magistrate Judge in Northern District case number 17-cv-0326-NJV (PR) denied plaintiff's motion to proceed IFP.[2]

The Court further notes that when he filed his Complaint, plaintiff (who, as discussed above, appears to have been notified of his three-strikes status on more than one occasion by several different courts) left the section of his Complaint asking him to describe his previous federal court lawsuits blank, asserting only that he had previously brought "about 12" previous lawsuits in a federal

---

[1] In *Hollis v. Bal*, plaintiff appealed the Order denying his IFP request and the Court of Appeals dismissed that appeal as "so insubstantial as to not warrant further review." (*Hollis v. Bal*, Case No. 13-cv-2145-EFB (E.D. Cal. September 24, 2014), ECF No. 14).

[2] Plaintiff's appeal of the Magistrate Judge's October 19, 2017, Order in Northern District case number 17-cv-0326-NJV (PR) ending that action was dismissed on February 27, 2018, because the district court matter was re-opened on January 17, 2018, and is still pending in the Northern District. (Ninth Circuit Case No. 17-17288, ECF No. 4). In the Ninth Circuit action, the court observed that plaintiff's appeal was "subject to a pre-filing review order" issued in Ninth Circuit case number 11-80161, to determine whether it would be allowed to proceed. *Id.* The pre-filing review order issued in case number 11-80161, observed that plaintiff, since 2002, had initiated 14 actions in the Ninth Circuit, and had a "practice of burdening this court with meritless litigation," justifying "careful oversight of [his] future litigation in th[e] court." (Ninth Circuit Case No. 11-80161, ECF No. 2).

court[3] and was without his legal documents in those cases to "document accurate correct information related" to those cases. (ECF No. 1 at 1). Plaintiff otherwise failed to advise the Court of his status as a three-strike litigant.

Based on plaintiff's status as a three-strike litigant, and his failure to pay the full filing fee or to demonstrate that he should be allowed to proceed IFP because he was in imminent danger at the time he filed the Complaint, it is appropriate to **dismiss** this action **without prejudice**.

**B.     FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or to comply with court orders, the Court must consider the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

---

[3]     Plaintiff's estimate of the number of cases he has filed is simply not accurate. Indeed, in addition to the 14 cases referenced by the Ninth Circuit as having been filed in that Court (see supra note 2), a search of the electronic database for cases filed by plaintiff in California District Courts reflects that 18 have been filed by plaintiff (as a plaintiff) in California's Northern, Central, and Eastern District Courts. This total does not include two habeas actions filed by plaintiff -- one in this District in 2000 and one in the Northern District in 2007.

1    The first two factors -- the public's interest in expeditious resolution of litigation and the Court's
2    need to manage its docket -- weigh in favor of dismissal.  Plaintiff's failure to pay the full filing fee, or
3    to otherwise respond to the Court's February 7, 2018, Order, or to the Magistrate Judge's February
4    28, 2018, Order, impeded the Court's ability to move this case toward disposition and indicated that
5    plaintiff does not intend to litigate this action diligently.
6    The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A rebuttable
7    presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of
8    an action.  Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a presumption is unwarranted in
9    this case.
10   The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against
11   dismissal.  However, it is plaintiff's responsibility to move his case toward a disposition at a
12   reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley Co., 942
13   F.2d 648, 652 (9th Cir. 1991).  By failing to pay the full filing fee as ordered by the Court, or to
14   demonstrate that he is entitled to proceed IFP because he was in imminent danger at the time he
15   filed the Complaint, plaintiff has not discharged this responsibility.  In these circumstances, the public
16   policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with
17   court orders.
18   The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The Court
19   first attempted to avoid the need to order a dismissal when it issued its February 7, 2018, Order,
20   giving plaintiff more time to pay the full filing fee in order to avoid immediate dismissal; the Magistrate
21   Judge also attempted to avoid this outcome when he issued the February 28, 2018, Order providing
22   plaintiff with additional time to pay the full filing fee.  Nonetheless, as of the date of this Order, plaintiff
23   has failed to pay the full filing fee, or otherwise demonstrate that he should be allowed to proceed IFP
24   because he was in imminent danger at the time he filed the Complaint.
25   Taking all of the above factors into account, dismissal for failure to prosecute and to follow
26   court orders is appropriate.  Such a dismissal, however, should not be entered unless plaintiff has
27   been notified that dismissal is imminent.  See W. Coast Theater Corp. v. City of Portland, 897 F.2d
28   1519, 1523 (9th Cir. 1990).  In this case, plaintiff was cautioned about the possibility of dismissal in

the Court's February 7, 2018, Order, and again in the Magistrate Judge's February 20, 2018, and February 28, 2018, Orders.

Accordingly, dismissal of this action without prejudice, for failure to prosecute and to follow court orders, is also appropriate.

## III.
## **CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure to pay the full filing fee and/or for failure to prosecute and to follow court orders.

DATED: April 18, 2018

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE